UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CARMAX AUTO SUPERSTORES, INC.
and CARMAX BUSINESS SERVICES,
LLC,

      Plaintiffs,

v.                               Case No:   6:15-cv-898-Orl-37TBS

STARMAX FINANCE, INC.,

      Defendant.

_____

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiffs' Motion for Default Judgment Against Starmax Finance, Inc. (Doc 13).   After due consideration I respectfully recommend that the motion be granted.

## I. Background

The complaint filed by Plaintiffs CarMax Auto Superstores, Inc., and CarMax Business Services, LLC seeks injunctive relief and damages based upon allegations of trademark infringement, false designation of origin, and unfair competition by Defendant StarMax Finance, Inc. (Doc. 1).   The Court's subject matter jurisdiction is based upon 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), 28 U.S.C. § 1331 (federal question), and 15 U.S.C. § 1121 (the Lanham Act) (Id., ¶ 5).   Plaintiffs assert supplemental jurisdiction over their state law claims under 28 U.S.C. § 1367 (Id.).

Plaintiffs allege that they operate over 150 used car superstores throughout the United States, including one in Orlando (Id., ¶ 8).   Through these superstores, Plaintiffs offer used vehicles for sale, repair and maintenance services, extended service plans,

financing, and other vehicle related goods and services (Id., ¶ 9).   Plaintiffs utilize

trademarks in interstate commerce to market their goods and services (Id., ¶ 10).   They

allege that through the investment of time, money, and effort, they have created

considerable goodwill in their brand and family of related marks (Id.).

Plaintiff CarMax Business Services, LLC owns more than 28 federally registered

marks that contain the term "CARMAX," and at least four registrations which cover the

mark "CARMAX" used in connection with Plaintiffs' distinctive blue, yellow and white

design which generally consists of "CARMAX" written inside a blue rectangle, with the

"CAR" portion of "CARMAX" written in yellow upper case letters and the "MAX" portion

written in white lower case letters, with yellow dashes underscoring the "MAX" portion of

the work "CARMAX" (Id., ¶ 12).   Plaintiffs also claim ownership and substantial common

law rights in their entire family of marks (Id., ¶ 11).

Plaintiffs maintain that they have used one or more of their marks continuously and

in good faith from at least 1993 to the present in connection with their retail store services

and outlets, to provide online information, to provide customer loyalty services, for

promotional and advertising purposes, and to provide consumer product information

about vehicles for sale (Id., ¶ 16).   During this period Plaintiffs' marks have been used in

advertisements on national, cable, and local television, radio, in print, outdoor advertising,

internet advertising, on Plaintiffs' website, and other promotional materials (Id., ¶ 17).

Plaintiffs claim that by virtue of their continuous use and promotion of their marks, as well

as the distinctiveness of the marks, consumers associate Plaintiffs' marks with Plaintiffs

as the single source or sponsor of their goods and services (Id., ¶ 19).

The complaint alleges that Defendant has and continues to offer services related

to the sale of used vehicles in connection with marks that are confusingly similar to

Plaintiffs' marks (Id., ¶ 20).   Plaintiffs claim that Defendant's advertising materials and store signage feature marks which infringe on Plaintiffs' marks in that they use the same font, capitalization scheme, and yellow, white and blue color scheme (Id., ¶¶ 20-21). The complaint further alleges that Defendant does not have a license or permission from Plaintiffs to use their marks or any marks that are confusingly similar to Plaintiffs' marks (Id., ¶ 23).

Plaintiffs notified Defendant that its use of the infringing marks was causing confusion in the marketplace and violated Plaintiffs' rights (Id., ¶ 25).   Plaintiffs also demanded that Defendant cease using any marks that are virtually identical and confusingly similar to Plaintiffs' marks (Id., ¶ 26).   Despite communications during the period February through June, 2013, Defendant failed to make agreed-upon changes in its marketing and continues to use marks that are confusingly similar to Plaintiffs' marks (Id., ¶ 27).   In February 2014 and January 2015, Plaintiffs again demanded that Defendant stop using the infringing marks (Id., ¶ 28).   Despite these efforts, Defendant has continued to use the infringing marks (Id., ¶¶ 28-29).   Plaintiffs allege that Defendant's actions have caused actual confusion in the marketplace, and have and will cause Plaintiffs irreparable harm for which money damages and other remedies are inadequate (Id., ¶¶ 33-34).

## II. Service of Process and Entry of Default

Federal Rule of Civil Procedure 4 sets out the rules regarding the service of process in a federal action.   A corporation may be served "in a judicial district of the United States … by delivering a copy of the summons and of the complaint to an … agent authorized by appointment or by law to receive service of process …."   FED. R. CIV. P. 4(h)(1)(B).   This action was served on Defendant's registered agent on June 9, 2015

(Doc. 9).   Thus, service of process on Defendant was proper.   Upon being served with the summons and complaint, Defendant was required to respond on or before June 30, 2015.   See FED. R. CIV. P. 12(a)(1)(A)(i) ("A defendant must serve an answer within 21 days after being served with the summons and complaint[.]").   Defendant has not responded and on July 9, 2015, the Clerk properly entered default (Doc. 12).

### III. Entry of Default Judgment

The entry of a default by the Clerk does not necessarily require the Court to enter a default judgment.   DIRECTV, Inc. v. Trawick, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005).   Along with the requirement that the Clerk's entry of default be proper, the Court may enter a default judgment only if the complaint sufficiently alleges a basis for a default judgment.   Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]   Before the Court will enter judgment pursuant to FED. R. CIV. P. 55(b), there must be a sufficient basis in the pleadings to support the relief sought.   DIRECTV, Inc., 359 F. Supp. 2d at 1206.   "A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'"   Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting Nishimatsu, 515 F.2d at 1206).   However, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.   In short ... a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover."   Nishimatsu, 515 F.2d at 1206.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

## IV. Plaintiffs' Claims

Count I of the complaint alleges infringement of Plaintiffs' federally registered trademarks in violation of 15 U.S.C. § 1114.   To prevail on this claim Plaintiffs must establish: (1) that they possess a valid mark, (2) Defendant used the mark, (3) Defendant's use of the mark occurred in commerce, (4) Defendant used the mark in connection with the sale or advertising of any goods or services, and (5) Defendant used the mark in a manner likely to confuse consumers.   <u>North Am. Med. Corp. v. Axiom Worldwide, Inc.</u>, 522 F.3d 1211, 1218 (11th Cir. 2008).

Plaintiffs attached copies of the certificates of registration for their marks to their complaint, as *prima facie* evidence of the validity of the marks and Plaintiffs' exclusive right to use them in connection with the goods or services specified in the certificates. <u>See</u> 15 U.S.C. § 1057(b); <u>Sound Surgical Techs., LLC v. Leonard A. Rubinstein, M.D., P.A.</u>, No. 8:10-cv-970-T-27MAP, 734 F.Supp.2d 1262, 1269 (M.D. Fla. 2010).   Plaintiffs allege that their marks reflected in the registrations are incontestable under 15 U.S.C. § 1065, which they say is conclusive evidence of their right to use their trademarks, subject to certain enumerated defenses.   <u>See</u> 15 U.S.C. § 1115(b).

Defendant is deemed to have admitted Plaintiffs' allegations that they have used their marks continuously for five years or more, and that the marks are valid, subsisting and enforceable (Doc. 1, ¶¶ 10-16, 38, 55-56).   Defendant has also admitted that as a result of Plaintiffs' significant investment and long-term and widespread use of the marks, they are well known (<u>Id.</u>, ¶¶ 17-19).   Defendant has admitted that Plaintiffs have used and continue to use the marks in United States commerce in connection with their retail store services and outlets since at least as early as 1993 (<u>Id.</u>, ¶¶ 10, 16).   Defendant has also admitted that it has used infringing marks in commerce in connection with the sale,

offering for sale, distribution, and advertising of goods and services that are the same as or closely similar to the goods and services Plaintiffs offer and sell under or in connection with Plaintiffs' marks (Id., ¶¶ 20-22; Doc.1-6, 1-7).   Defendant has further admitted that it has offered and continues to offer such goods and services in commerce in connection with marks that are confusingly similar to Plaintiffs' marks, and that it has displayed such confusingly similar marks on signage, license plates, and in photographs on its website (Id., ¶¶ 20-22, 41, 57-58; Doc. 1-5; Doc. 1-6).   Finally, Defendant has admitted that its use of the infringing marks in commerce in direct competition with goods and services offered by Plaintiffs under their marks is likely to cause confusion, mistake, and/or may deceive the public in violation of the Lanham Act, and infringes Plaintiffs' federally registered marks (Id., ¶¶ 19, 20, 22-24, 41, 58; Doc. 1-6, Doc. 1-7).

Accepting these well-pled allegations as true, Plaintiffs have sufficiently pled Count I, and it is **RECOMMENDED** that the Court find that Plaintiffs are entitled to default judgment on their claim of infringement of their federally registered trademarks in violation of 15 U.S.C. § 1114.

Count II alleges false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).   "To prevail on a claim of false designation of origin under 15 U.S.C. § 1125(a), a plaintiff must demonstrate '(1) that [he or she] had enforceable trademark rights in the mark or name, and (2) that the defendant made unauthorized use of it 'such that consumers were likely to confuse the two.'"   Sony Corp. v. Digital4Less, Inc., No. 6:12-cv-1893-Orl-28GJK, 2013 WL 6842796, at *4 (citing Custom Mfg. and Eng'g, Inc. v. Midway Servs., Inc., 508 F.3d 641, 648-49 (11th Cir.2007)).

Plaintiffs' complaint alleges ownership of the marks in question by Plaintiff CarMax Business Services, LLC, and senior common law rights in the marks by virtue of Plaintiffs'

investment in advertising and promotion under the marks (Id., ¶¶ 10-12, 15-19, 40, 43). The complaint also alleges Defendant's unauthorized use of the marks and that this has caused and is likely to cause confusion among consumers (Id., ¶¶ 28, 32-33).   Accepting these well-pled allegations as true, Plaintiffs have sufficiently pled Count II, and it is **RECOMMENDED** that the Court find that Plaintiffs are entitled to default judgment on their claim of false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).

Count III is an action for common law trademark infringement.   "Under Florida common law, unfair competition is an 'umbrella for all statutory and nonstatutory causes of action arising out of business conduct which is contrary to honest practice in industrial or commercial matters.'"   Sony Corp., 2013 WL 6842796, at *5 (citing Third Party Verification, Inc. v. Signaturelink, Inc., 492 F.Supp.2d 1314, 1325 (M.D. Fla. 2007)). Accordingly, "a party may claim unfair competition under a variety of theories, including trademark infringement."   Id. (citations omitted).   Because there is no single set of elements that apply uniformly to all claims of unfair competition, where appropriate, courts have applied elements from other established claims to unfair competition claims on a case-by-case basis.   Id. (citations omitted).   This includes using the elements of a federal trademark infringement claim to evaluate the sufficiency of an unfair competition claim based on trademark infringement.   Id. (citation omitted).

Because Plaintiffs' common law unfair competition claims are based on allegations of trademark infringement and unfair competition (Id., ¶¶ 70-75), the Court looks to the elements of those claims to determine whether Plaintiffs have sufficiently pled a claim of common law unfair competition under state law.   Cf. Sony Corp., 2013 WL 6842796, at *5.   Plaintiffs have sufficiently pled their federal law claim of trademark infringement and

therefore, it is **RECOMMENDED** that the Court find that Plaintiffs are entitled to default judgment on their common law claim of unfair competition.

Count IV alleges common law unfair competition.   A plaintiff that establishes a likelihood of confusion for trademark infringement and false designation of origin, i.e., infringement of federal common law trademark rights, under the Lanham Act also establishes liability under Florida law claims for infringement and common law unfair competition.   Custom Mfg. & Eng'g, Inc. v. Midway Services, Inc., 508 F.3d 641, 652-53 (11th Cir. 2007).   Because Plaintiffs have sufficiently pled their federal law claims of trademark infringement and unfair competition, it is **RECOMMENDED** that the Court find that Plaintiffs are also entitled to default judgment on their common law unfair competition claim.

## V. Injunctive Relief

Plaintiffs request that this Court enter a permanent injunction against Defendant, enjoining it from continuing to infringe any of Plaintiffs' trademarks pursuant to 15 U.S.C. § 1116(a).   "Federal courts may grant permanent injunctions where infringement is found to have occurred in order to prevent further infringing use of a mark, and such injunctions should be designed to keep the former infringers a 'safe distance away' from the protected mark."   Aronowitz v. Health-Chem Corp., 513 F3d 1229, 1242 (11th Cir. 2008) (quoting Howard Johnson Co. v. Khimani, 892 F.2d 1512, 1517 (11th Cir. 1990)).   Under § 1116(a), "a plaintiff is entitled to permanent injunctive relief if the plaintiff succeeds on the merits of his or her claims and if the equities involved favor injunctive relief."   PetMed Express, Inc. v. MedPets.Com, Inc., No. 03-62019-CIV, 336 F.Supp.2d 1213, 1222-23 (S.D. Fla. 2004) (citation omitted).   The entry of a permanent injunction is appropriate if a plaintiff can show: "(1) it has suffered an irreparable injury; (2) remedies available at law,

such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction." Angel Flight of Ga., Inc. v. Angel Flight America, Inc., 522 F.3d 1200, 1208 (11th Cir. 2008) (quoting eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006).   The well-pled allegations of Plaintiffs' complaint establish each of these elements and support the entry of a permanent injunction pursuant to 15 U.S.C. § 1116(a).   Accordingly, it is **RECOMMENDED** that the Court enter a permanent injunction prohibiting Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of  them from directly or indirectly infringing or otherwise violating Plaintiffs' marks in this country by, among other things:

a. Marketing, promoting, printing, using, selling, distributing, or otherwise disseminating, either directly or indirectly in this country, any goods, services, advertisements or promotional materials of any sort in any medium of communication, or reproducing or causing others to reproduce any products or packaging incorporating any indicia, including any distinctive elements of Plaintiffs' marks or any confusingly similar variation thereof, and from offering for sale or selling products and services incorporating any indicia or distinctive elements of Plaintiffs' marks or any confusingly similar variation thereof;

b. Manufacturing, having manufactured, producing, having produced, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying in this country any products or services under or bearing any indicia, including any distinctive elements of Plaintiffs' marks or any confusingly similar variation thereof;  and

c. Using any false or misleading designations of origin or false or misleading

descriptions or representations of fact in this country in connection with the

manufacture, production, distribution, circulation, sale, offering for sale, advertising,

promotion, or display of its products or services under any indicia incorporating any

distinctive elements of Plaintiffs' marks or any confusingly similar variation thereof.[2]

## VI. Damages, Fees and Costs

Plaintiffs' complaint prays for damages and/or Defendant's profits to compensate

Plaintiffs for Defendant's infringement pursuant to 15 U.S.C. § 1117. They also seek an

award of three times the amount of their damages to compensate Plaintiffs for

Defendant's willful and deliberate acts of infringement, pre and post judgment interest,

costs and attorney's fees (Doc. 1 at 16). But, Plaintiffs have not submitted the necessary

information to establish their damages, costs or fees. Accordingly, it is

**RECOMMENDED** that this relief be **DENIED**. Alternatively, the Court may wish to

**CARRY** these matters for consideration in the future.

Specific written objections to this report and recommendation may be filed in

accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after

service of this report and recommendation. A party waives the right to challenge on

appeal a finding of fact or conclusion of law adopted by the district judge if the party fails

to object to that finding or conclusion within fourteen days after issuance of the Report

and Recommendation containing the finding or conclusion.

---

[2] Plaintiffs have offered to submit a proposed order on their prayer for permanent injunctive relief if requested by the Court.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on September 2, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record
Any Unrepresented Parties