# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

CARMAX AUTO SUPERSTORES,
INC.; and CARMAX BUSINESS
SERVICES, LLC

        Plaintiffs,

v.                                          Case No. 6:15-cv-898-Orl-37TBS

STARMAX FINANCE, INC.,

        Defendant.

## ORDER

This cause is before the Court on the following:

1. Plaintiffs' Motion for Default Judgment against StarMax Finance, Inc. (Doc. 13), filed August 10, 2015;

2. United States Magistrate Judge Thomas B. Smith's Report and Recommendation (Doc. 14), filed September 2, 2015; and

3. Plaintiffs' Objection to Report and Recommendation (Doc. 15), filed September 11, 2015.

Plaintiffs initiated this action against Defendant on claims for: (1) infringement of Plaintiffs' federally registered trademarks under 15 U.S.C. § 1114 ("**Count I**"); (2) false designation of origin and unfair competition under 15 U.S.C. § 1125(a) ("**Count II**"); (3) common law trademark infringement ("**Count III**"); and (4) common law unfair competition ("**Count IV**"). (Doc. 1.) After Defendants failed to respond or answer, Plaintiffs requested and received a clerk's entry of default. (Docs. 11, 12.) Plaintiffs now move for a final default judgment against Defendant and a permanent injunction. (Doc. 13

("**Motion**").) The Motion was referred to U.S. Magistrate Judge Thomas B. Smith, who recommends granting default judgment as to Counts I–IV and entering a permanent injunction against Defendant. (Doc. 14 ("**R&R**").) Based on his finding that Plaintiffs have not submitted the necessary information to establish their damages, costs, or fees ("**Monetary Relief**"), Magistrate Judge Smith also recommends that the Court either deny Plaintiffs' request for Monetary Relief or, alternatively, carry the matter forward for future consideration ("**Alternative Recommendation**"). (*Id.* at 10.) Plaintiffs object to the R&R. (Doc. 15 ("**Objection**").)

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

Plaintiffs object only to the recommendation that the Court deny their request for fees and costs.[1] (Doc. 15, p. 2.) Specifically, Plaintiffs request that the Court: (1) adopt

---

[1] The Court has independently reviewed the non-objected to portions of the R&R relating to Counts I–IV and the entry of a permanent injunction and finds that they are due to be adopted. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (suggesting that a de novo review is only required when a party objects to the proposed findings and recommendations).

In his findings and recommendations for Count III, Magistrate Judge Smith acknowledges that "Count III is an action for common law *trademark infringement*," yet recommends that "Plaintiffs are entitled to default judgment on their common law *claim of unfair competition.*" (Doc. 14, pp. 7–8 (emphasis added).) Plaintiffs object to this recommendation solely to the extent that it constitutes a recommendation that the Court deny the Motion as to Count III. (Doc. 15, p. 2, n.1.) Magistrate Judge Smith's

2

Magistrate Judge Smith's Alternative Recommendation; (2) allow Plaintiffs to submit a bill of costs; and (3) "decide issues of liability for [attorney's] fees before receiving submissions on the value of services." (Doc. 15, p. 3.)

"Costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Upon request, the Court must allow a party to file "adversary submissions" on a motion for attorney's fees. Fed. R. Civ. P. 54(d)(2)(C). The Court "*may* decide issues of liability for fees before receiving submissions on the value of services." *Id.* (emphasis added).

Under Section 35(a) of the Lanham Act, courts may award reasonable attorney fees to the prevailing party "in exceptional cases." 15 U.S.C. § 1117(a); *Montgomery v. Noga*, 168 F.3d 1282, 1304 (11th Cir. 1999). In the patent context, the Supreme Court recently defined an "exceptional case" as "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). District courts determine whether a case is "exceptional" on a case-by-case basis, considering the totality of the circumstances. *Id.*

After careful consideration of the arguments raised in Plaintiffs' Objection, the

---

recommendation as to Count III is grounded on the recognition that a party may claim unfair competition under the theory of trademark infringement (Doc. 14, p. 7 (citing *Sony Corp. v. Digital4Less, Inc.*, No. 6:12-cv-1893-Orl-28GJK, 2013 WL 6842796, at *5 (M.D. Fla. Dec. 27, 2013)); therefore, the Court construes this portion of the R&R as a recommendation that the Court grant the Motion on Count III. Because Plaintiffs indicate that they agree with the R&R to the extent that it recommends granting their Motion on Count III (*see* Doc. 15, p. 2, n.1), the Court finds that Plaintiffs do not object to this portion of the R&R.

Court sustains the Objection and adopts the Alternative Recommendation.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiffs' Objection to [the] Report and Recommendation (Doc. 15) is **SUSTAINED**.

2. United States Magistrate Judge Thomas B. Smith's Report and Recommendation (Doc. 14 ("**R&R**")) is **ADOPTED IN PART AND REJECTED IN PART**:

    a. Magistrate Judge Smith's recommendation that the Court deny Plaintiffs' request for fees and costs is **REJECTED**.

    b. In all other respects the R&R is **ADOPTED AND CONFIRMED** and made part of this **ORDER**.

3. On or before Thursday, **December 10, 2015**, Plaintiffs are **ORDERED** to submit the following: (1) a bill of costs; (2) briefing on whether this action constitutes an exceptional case under the Lanham Act entitling Plaintiffs to attorney's fees; and (3) an accounting of the value of Counsel's services.[2] Upon Plaintiffs' submission, the matter will be referred to Magistrate Judge Smith for determination pursuant to Federal Rule of Civil Procedure 54(d)(2)(D).

4. Plaintiffs' Motion for Default Judgment against StarMax Finance, Inc. (Doc. 13) is **GRANTED**.

5. Defendant is liable for infringement of Plaintiffs' federally registered

---

[2] In the interest of judicial efficiency, the Court declines to "decide issues of liability for fees before receiving submissions on the value of services." (*See* Doc. 15, p. 3.) Rather, the Court will determine these issues together.

4

trademarks under 15 U.S.C. § 1114.

6. Defendant is liable for false designation of origin and unfair competition under 15 U.S.C. § 1125(a).

7. Defendant is liable for common law trademark infringement under Florida law.

8. Defendant is liable for common law unfair competition under Florida law.

9. Plaintiffs are entitled to entry of a permanent injunction against Defendants pursuant to 15 U.S.C. § 1116(a). The Court will issue the injunction in a separate Order.

10. The Clerk is **DIRECTED** to enter judgment in favor of Plaintiffs and against Defendant on Counts I–IV of the Complaint.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 1, 2015.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record