UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CARMAX AUTO SUPERSTORES, INC.
and CARMAX BUSINESS SERVICES,
LLC,

    Plaintiffs,

v.                                                                                       Case No:   6:15-cv-898-Orl-37TBS

STARMAX FINANCE, INC.,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiffs' Motion for Fees and Costs Against StarMax Finance, Inc. (Doc 19).   After considering the totality of the circumstances I find that this case does not stand out as exceptional so as to justify an award of attorney's fees to Plaintiffs and therefore, I respectfully recommend that the motion for fees be **denied**.   I also recommend that the motion for costs be **granted in part** and **denied in part**.

### I. Background

Plaintiffs, CarMax Auto Superstores, Inc. and CarMax Business Services, LLC, filed this lawsuit against Defendant StarMax Finance, Inc., alleging trademark infringement, false designation of origin and unfair competition (Doc. 1).   Defendant was served, failed to respond, and a clerk's default was entered against it (Docs. 9, 12). Plaintiffs' motion for the entry of default final judgment (Doc. 13), was granted on December 1, 2015 (Doc. 16).   The Court found Defendant liable for: (1) infringement of Plaintiffs' federally registered trademarks under 15 U.S.C. § 1114; (2) false designation of origin and unfair competition under 15 U.S.C. § 1125(a); (3) common law trademark

infringement under Florida law; and (4) common law unfair competition under Florida law (Id., at 4-5).   The Court issued a permanent injunction which, among other things, enjoins and restrains Defendant from infringing or otherwise violating Plaintiffs' CARMAX Design Marks (Doc. 17), and judgment for Plaintiffs was entered on December 2, 2015 (Doc. 18).

Plaintiffs were allowed through December 10, 2015, to submit a bill of costs; briefing on whether this is an exceptional case under the Lanham Act; and an accounting of the value of counsel's services (Doc. 16 at 4).   Plaintiffs timely filed their motion for $25,936.60 in attorney's fees and $480.00 in costs and the matter is now before me on referral from the district judge (Doc. 19).   The motion is supported by the declarations of attorneys Christopher M. Thomas and David P. Hathaway, and copies of counsel's itemized billing statements (Doc. 19-1).

## II. Legal Standard for Attorney's Fees

The Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."   15 U.S.C. § 1117(a).   The Act does not define the term "exceptional."   In Octane Fitness, LLC v. Icon Health & Fitness, Inc., 134 S. Ct. 1749, 188 L.Ed.2d 816, 82 USLW 4330 (2014), the Supreme Court interpreted the word "exceptional" as used in the Patent Act.   The Patent Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285.   The attorney's fee language in Section 35 of the Lanham Act is identical language.   See 15 U.S.C. § 1117(a).   In Octane Fitness the Supreme Court gave "exceptional" its common, ordinary meaning, explaining that:

> [A]n "exceptional" case is simply one that stands out from
> others with respect to the substantive strength of a party's
> litigating position (considering both the governing law and the

> facts of the case) or the reasonable manner in which the case was litigated. District Courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.

Id. at 1756. The Court went on to say that "exceptional" means "uncommon," "rare," or "not ordinary." Id. at 1756 (citing Webster's New International Dictionary 374 (1933) and Meriam-Webster's Collegiate Dictionary, 435 (11th ed. 2008)). Under the Octane Fitness standard, "no bright-line rules define the parameters of what is exceptional, and no single element (such as baselessness or sanctionability) is dispositive. Rather, the inquiry requires the Court to consider a totality of the circumstances and to exercise its equitable discretion." CreAgri, Inc. v. Pinnaclife, Inc., No. 11-cv-6635-LHK, 2014 WL 2508386, at *6 (N.D. Cal. June 3, 2014).

The Eleventh Circuit has not considered the applicability of Octane Fitness to Lanham Act fee requests. Existing Eleventh Circuit case law defines an "exceptional" case as one which is "malicious, fraudulent, deliberate and willful, or one in which evidence of fraud or bad faith exists." Welding Servs. v. Forman, 301 Fed. App'x 862 (11th Cir. 2008) (quoting Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc., 253 F.3d 1332, 1335 (11th Cir. 2001)). Two other circuits have addressed the question and have held that the standard in Octane Fitness applies to attorney's fee motions under the Lanham Act. See Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 314-15 (3d Cir. 2014); Georgia-Pac. Consumer Prods. LP v. von Drehle Corp., 781 F.3d 710, 721 (4th Cir. 2015), as amended (Apr. 15, 2015). Several district courts in this Circuit have also concluded that the Octane Fitness standard governs motions for attorneys' fees under § 1117 of the Lanham Act. See e.g., BMW of N. Am. LLC v. Ismail Cuhadar, No. 6:14-cv-40-Orl-37DAB, 2014 WL 5420133, at *2-3 (M.D. Fla. July 10, 2014) (discussing and

applying Octane Fitness standard to Lanham Act claim); High Tech Pet Prods., Inc. v. Shenzhen Jianfeng Elec. Pet Prod. Co., No 6:14-cv-759-Orl-22TB, 2015 WL 926023, at *2 (M.D. Fla. Mar. 4, 2015) (applying Octane Fitness); but see PODS Enters., LLC v. U-Haul Intern., Inc., 8:12-CV-01479-T-27MAP, 2015 WL 5021726, at *21 (M.D. Fla. Aug. 24, 2015) (noting that "[n]either the Supreme Court nor the Eleventh Circuit have addressed whether Octane Fitness applies to the Lanham Act."). I am persuaded by the cases that apply the Octane Fitness definition of "exceptional" to applications for attorney's fees under the Lanham Act and proceed on that basis.

### III. Plaintiff's Claim for Attorney's Fees

Plaintiffs argue that Defendant's conduct was "flagrant, 'uncommon, rare, and not ordinary.'" (Doc. 19 at 13) (citing High Tech Pet Products, Inc. v. Shenzhen Jianfeng Electronic Pet Product Co., Ltd., No. 6:14-cv-759-Orl-22TBS, 2015 WL 926023, at * (M.D. Fla. Mar. 4, 2015)). After considering Plaintiffs' arguments, I am not persuaded that this is not a run-of-the-mill infringement case.

The first factor to be considered in determining whether this is an exceptional case under Octane Fitness is "the substantive strength of a party's litigating position, taking into account both the governing law and the facts of the case." Donut Joe's, Inc. v. Interveston Food Servs., LLC, No. 2:13-cv-1578-VEH, 2015 WL 4094212, at * 3 (N.D. Ala. July 7, 2015). By virtue of the default and default final judgment Plaintiffs established that: (1) Defendant used Plaintiffs' marks continuously for five years or more, and that the marks are valid, subsisting and enforceable; (2) as a result of Plaintiffs' significant investment and long-term and widespread use of the marks, they are well known; (3) Plaintiffs have used and continue to use the marks in United States commerce in connection with their retail store services and outlets since at least as early as 1993; (4)

Defendant has used infringing marks in commerce in connection with the sale, offering for sale, distribution, and advertising of goods and services that are the same as or closely similar to the goods and services Plaintiffs offer and sell under or in connection with Plaintiffs' marks; (5) Defendant offered and continued to offer such goods and services in commerce in connection with marks that are confusingly similar to Plaintiffs' marks, and displayed such confusingly similar marks on signage, license plates, and in photographs on its website; and (6) Defendant's use of the infringing marks in commerce in direct competition with goods and services offered by Plaintiffs under their marks was likely to cause confusion, mistake, and/or may deceive the public in violation of the Lanham Act, and infringes Plaintiffs' federally registered marks (Doc. 14 at 5-6).   Defendant has not offered any explanation or rationale for its illegal actions.   Accordingly, I find that Plaintiffs' position on the law and the facts was meritorious and conversely, that there was no justification for Defendant's conduct.   While the Court may be influenced by the disparity in the merits of the parties' respective positions these facts do not make this case unusual, let-alone exceptional.   I would expect similar proof in most any infringement case where the plaintiff prevails.

The next question is whether the case was litigated in an unreasonable manner. The cases cited by Plaintiffs to support their contention that Defendant did litigate in an unreasonable manner are not persuasive because they include factors not present here. In <u>Tiramisu Intern., LLC v. Clever Imports, LLC</u>, No. 08-60685-CIV, 741 F. Supp. 2d 1279, 1295, the plaintiff was "forced to file motions to compel discovery, incurring additional unnecessary expense," and in <u>FSC Franchise Co., LLC v. Express Corporate Apparel</u>, LLC, No. 8:09-cv-454-T-23TGW, 2011 WL 1226002 (M.D. Fla. Feb. 28, 2011), the

defendants ignored multiple court orders and refused to participate in discovery.  Id., at *9.

Defendant did not litigate this case in an unreasonable manner.  Instead, it decided not to defend itself and allowed default and default judgment to be entered.  There is nothing improper about Defendant's decision, which I find preferable to litigating a meritless position.  It also does not make sense that the entry of default should translate into a finding that a case is exceptional.  As the High Tech court noted, a defendant's "conscious choice to default is not enough to take this case out of the run of the mill category."  High Tech Pet Products, 2015 WL 926023, at *2.  "[T]he failure to respond to the lawsuit led to losing the case.  While this makes [the trademark owner] the prevailing party, the statutory language requires more than merely prevailing. Otherwise, every default case would warrant fees; a conclusion not justified by the statute."  Id.

Plaintiffs allege that despite final judgment and the entry of a permanent injunction, Defendant continues to infringe its marks.  If true, then the remedy is to file a motion asking the Court to find Defendant in contempt and issue sanctions.  It does not warrant a finding that the prejudgment litigation was exceptional.

Plaintiffs alleged in their complaint that "Defendant's willful and callous misconduct makes this an exceptional case, entitling Plaintiffs to have any monetary remedies trebled and to recover their attorneys' fees under 15 U.S.C. § 1117."  (Doc. 1, ¶ 51).  They argue that as a consequence of the default, Defendant has admitted this averment and therefore, they should be awarded fees.  Deciding whether a case is exceptional requires the sound exercise of the Court's discretion after considering the totality of the circumstances.  It is not a matter subject to proof by a party's default.

Lastly, Plaintiffs argue that this case is exceptional because of the extra-judicial efforts they made for more than two years to stop Defendant's infringing conduct. Plaintiffs sent demand letters and emails to Defendant in an attempt to stop the infringement. In response, Defendant made and then broke promises to comply. These actions are unremarkable and occur before most civil cases are filed. Although different from infringement cases, no collections lawyer would think this activity was out-of-the-ordinary.

For these reasons, I recommend the Court deny Plaintiffs' request for fees under 15 U.S.C. § 1117(a).

## IV. Costs

"Costs–other than attorney's fees–should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). Plaintiffs were given through December 10, 2015, to file a bill of costs. Rather than filing a bill of costs, Plaintiffs included a request for costs in their motion. They seek $480 consisting of $400 for the filing fee and $80 for Aallen Bryant & Associates for "Contract Fee Credit Service: StarMax Finance." (Doc. 19-1 at 56, 59). Court filing fees are recoverable under 28 U.S.C. § 1920.[1] Plaintiffs have not provided any documentation from which the Court may determine whether the $80 fee to Aallen Bryant is recoverable. Accordingly, I recommend that the claim for this charge be denied and that the Court award $400 in taxable costs.

---

[1] "A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." 28 U.S.C.A. § 1920.

## V. Recommendation

Upon consideration of the foregoing, I respectfully recommend that Plaintiffs' request for an award of attorney's fees against Defendant be **denied**, that Plaintiffs' request for costs be **granted in part**, and that the Clerk be directed to enter a cost judgment for Plaintiffs and against Defendant in the amount of $400.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on December 17, 2015.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

   Presiding United States District Judge
   Counsel of Record
   Any Unrepresented Parties